**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FLORIDA MARINE, L.L.C.**
**and FMT AGGREGATE, LLC**

**VERSUS**

**PELICAN MARINE LOGISTICS, LLC,**
**RIGID CONSTRUCTORS, LLC,**
**BASIN PARTNERS, LLC, and**
**SETTOON CAPITAL, LLC**

**CIVIL ACTION**

**NO.**

**SECTION**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Florida Marine, L.L.C. and

FMT Aggregate, LLC, which file this Complaint against Pelican Marine Logistics, LLC, Rigid

Constructors, LLC, Basin Partners, LLC, and Settoon Capital, LLC and allege upon information

and belief as follows:

**Parties**

1.

Plaintiff, Florida Marine, L.L.C. ("Florida Marine"), is a Louisiana limited liability

company, with its registered office and principal place of business located in the Parish of St.

Tammany, State of Louisiana.

2.

Plaintiff, FMT Aggregate, LLC ("FMT"), is a Louisiana limited liability company, with its

registered office and principal place of business located in the Parish of St. Tammany, State of

Louisiana.

3.

Defendant, Pelican Marine Logistics, LLC ("Pelican"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Ascension, State of Louisiana, headquartered and/or domiciled at 7399 Highway 44, Suite A, Gonzales, Louisiana 70737, with its mailing address at 7616 Johnston Street, Maurice, Louisiana 70555. See Louisiana Secretary of State business search report, dated May 14, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-1."

4.

Defendant, Rigid Constructors, LLC ("Rigid"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Vermilion, State of Louisiana, headquartered and/or domiciled at 7616 Johnston Street, Maurice, Louisiana 70555, which is also its mailing address. See Louisiana Secretary of State business search report, dated May 14, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-2."

5.

Defendant, Basin Partners, LLC ("Basin"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Ascension, State of Louisiana, headquartered and/or domiciled at 7399 Highway 44, Gonzales, Louisiana 70737, which is also its mailing address. See Louisiana Secretary of State business search report, dated May 14, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-3."

6.

Defendant, Settoon Capital, LLC ("Settoon"), is a Louisiana limited liability company with its registered office and principal place of business located in the Parish of Ascension, State of Louisiana, headquartered and/or domiciled at 7399 Highway 44, Suite A, Gonzales, Louisiana

70737, which is also its mailing address.  See Louisiana Secretary of State business search report, dated May 14, 2026, a copy of which is attached hereto and made a part hereof as Exhibit "P-4."

### Jurisdiction

7.

The maritime contracts at issue in this case involved the charter of tugs and barges for use in marine transportation of cargo on the waterways of the United States.  As such, this case is brought under the Court's Admiralty and Maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### Venue

8.

Venue is proper in this Court pursuant to the following provision in the Fully Found Charters at issue in this case:

> This Agreement shall be governed by the general maritime laws of the United States and the laws of the State of Louisiana, as applicable. Jurisdiction and venue for disputes shall be in the 22nd Judicial District Court in the State of Louisiana or the United States District Court for the Eastern District of Louisiana in New Orleans, Louisiana.

9.

Venue is also proper in this Court pursuant to the following provision in the Bareboat Charter at issue in this case:

> The Owner and Charterer irrevocably submit to the jurisdiction of the State and Federal court encompassing Jefferson Parish, Louisiana for all matters relating to this Charter.

**Underlying Contracts**

10.

Plaintiffs are the owners of various marine assets, including the vessels and barges referred to below in this Complaint.

11.

On information and belief, Parish Aggregates, L.L.C. ("Parish Aggregates"), a Louisiana limited liability company, was hired to transport, by waterways in the United States, certain aggregates and building materials (the "Parish Aggregates Contract") for ultimate delivery to a data center construction site in Rayville, Louisiana, located in the Parish of Richland (the "Richland Data Center Site").

12.

On information and belief, Parish Aggregates subcontracted with defendants, Rigid and/or Pelican, to perform the work required under the Parish Aggregates Contract.

**Count One**

**Breach of Florida Marine Contracts**

13.

In July of 2025, Pelican contacted Florida Marine for the purpose of chartering certain vessels to transport the aggregates and building materials from the State of Missouri to Vicksburg, Mississippi in order to satisfy Pelican's or Rigid's obligations under the Parish Aggregates Contract.

14.

On or about July 18, 2025, Florida Marine and Pelican, as owner and charterer, respectively, entered into and signed a Fully Found Charter, dated July 18, 2025, as amended by

Addendum to Fully Found Charter #1, dated December 29, 2025 (collectively, the "James Dale Robin Charter"), relating to the MV James Dale Robin, together with all appurtenances, equipment, and accessories thereon (collectively, the "James Dale Robin Vessel"), and the nine barges listed in section 1 of the James Dale Robin Charter (*viz.*, barges HB1607, HB1614, HB1620, HB1623, HB1627, HB1628, HB1711B, HB1721B, and HB1735B).  A true, correct, and complete signed copy of the James Dale Robin Charter is attached hereto and made a part hereof as Exhibit "P-5."

15.

Pursuant to the James Dale Robin Charter, Florida Marine delivered the James Dale Robin Vessel to Pelican in New Orleans, Louisiana, and Pelican agreed to pay Florida Marine $10,200.00 per day as the Charter Hire for said vessel, "plus fuel and lube," with said payments due and payable within forty-five (45) calendar days after Pelican's receipt of invoices for same, plus an eight (8%) percent late fee on overdue invoices.

16.

On or about July 30, 2025, Florida Marine and Pelican, as owner and charterer, respectively, entered into and signed a Fully Found Charter, dated July 30, 2025, as amended by Addendum to Fully Found Charter #2, dated January 15, 2026 (collectively, the "Kimberly Hidalgo/Harvey Sbisa Charter"), relating to the MV Kimberly Hidalgo and the MV Harvey Sbisa, together with all appurtenances, equipment, and accessories thereon (collectively, the "Hidalgo/Sbisa Vessels"), and the nine barges listed in section 1 of the Kimberly Hidalgo/Harvey Sbisa Charter (*viz.*, barges HB1601, HB1606, HB1615, HB1617, HB1619, HB1626, HB1704B, HB1712B, and HB1716B).  A true, correct, and complete signed copy of the Kimberly Hidalgo/Harvey Sbisa Charter is attached hereto and made a part hereof as Exhibit "P-6."

17.

Pursuant to the Kimberly Hidalgo/Harvey Sbisa Charter, Florida Marine delivered the Hidalgo/Sbisa Vessels to Pelican in New Orleans, Louisiana, and Pelican agreed to pay Florida Marine $10,200.00 per day as the Charter Hire for said vessel, "plus fuel and lube," with said payments due and payable within forty-five (45) calendar days after Pelican's receipt of invoices for same, plus an eight (8%) percent late fee on overdue invoices.

18.

On or about August 20, 2025, Florida Marine and Pelican, as owner and charterer, respectively, entered into and signed a Fully Found Charter, dated August 20, 2025, (the "Ronald Hull III Charter"), relating to the MV Ronald Hull III, together with all appurtenances, equipment, and accessories thereon (collectively, the "Ronald Hull Vessel"), and the nine barges listed in section 1 of the Ronald Hull III Charter (*viz.*, barges HB1605, HB1608, HB1723B, HB1734B, HB1743B, BUNGE436, BUNGE760, BUNGE761, and BUNGE772).   A true, correct, and complete signed copy of the Ronald Hull III Charter is attached hereto and made a part hereof as Exhibit "P-7."

19.

Pursuant to the Ronald Hull III Charter, Florida Marine delivered the Ronald Hull III Vessel to Pelican in New Orleans, Louisiana, and Pelican agreed to pay Florida Marine $10,200.00 per day as the Charter Hire for said vessel, "plus fuel and lube," with said payments due and payable within thirty (30) calendar days after Pelican's receipt of invoices for same.

20.

On or about November 6, 2025, Florida Marine and Pelican, as owner and charterer, respectively, entered into and signed a Fully Found Charter, dated November 6, 2025 (the "Dale

Artigue Charter"), relating to the MV Dale Artigue, together with all appurtenances, equipment, and accessories thereon (collectively, the "Dale Artigue Vessel"), and the fifteen barges listed in section 1 of the Dale Artigue Charter (*viz.*, barges FMTA1902, FMTA1905, FMTA1922, FMTA1928, FMTA1947B, FMTA2004, FMTA2012B, FMTA2020B, FMTA2030B, FMTA2037B, FMTA2049B, FMTA2054B, FMTA2063B, FMTA2067B, and HB1708B). A true, correct, and complete signed copy of the Dale Artigue Charter is attached hereto and made a part hereof as Exhibit "P-8."

21.

Pursuant to the Dale Artigue Charter, Florida Marine delivered the Dale Artigue Vessel to Pelican in Cairo, Illinois, and Pelican agreed to pay Florida Marine $16,700.00 per day as the Charter Hire for said vessel, "plus fuel and lube," with said payments due and payable within thirty (30) calendar days after Pelican's receipt of invoices for same.

22.

All of the vessels and barges identified above were used to transport aggregates and building materials that were or will be incorporated into and/or that are or will be component parts of buildings constructed or to be constructed at the Richland Data Center Site in Richland Parish, Louisiana.

23.

Florida Marine has complied with all of its obligations set forth in the James Dale Robin Charter, the Hidalgo/Sbisa Charter, the Ronald Hull III Charter, and the Dale Artigue Charter (collectively, the "Florida Marine Charters").

24.

As of May 8, 2026, Pelican had an unpaid, past-due, balance due and owing to Florida Marine for the Florida Marine Charters in the total principal amount of $6,651,196.22 (the "Florida Marine Past-Due Amount").

25.

In spite of amicable demand by Florida Marine, Pelican has failed to pay the Florida Marine Past-Due Amount, or any portion thereof, which constitutes an event of default under section 18(a) of each of the Florida Marine Charters.

26.

By failing to pay the Florida Marine Past-Due Amount, Pelican has breached the Florida Marine Charters with Florida Marine.

27.

As a result of Pelican's breach of the Florida Marine Charters, Pelican is liable to Florida Marine in the total principal amount of $6,651,196.22, plus an eight (8%) percent late fee on all overdue invoices for the James Dale Robin Charter and the Kimberly Hidalgo/Harvey Sbisa Charter.

**Count Two**

**Breach of FMT Contract**

28.

In October of 2025, Pelican contacted FMT for the purpose of chartering two deck barges to transport the aggregates and building materials from the State of Missouri to Vicksburg, Mississippi in order to satisfy Pelican's or Rigid's obligations under the Parish Aggregates Contract.

29.

On or about October 14, 2025, FMT and Pelican, as owner and charterer, respectively, entered into and signed a Bareboat Charter, dated and effective as of October 14, 2025 (the "FMT Charter"), relating to deck barges named as HD135, Official Number 1234890, and HD145, Official Number 1234898, together with all appurtenances, attachments, and accessories pertaining thereto (collectively, the "FMT Vessels"). A true, correct, and complete signed copy of the FMT Charter is attached hereto and made a part hereof as Exhibit "P-9."

30.

Pursuant to the FMT Charter, FMT delivered the FMT Vessels to Pelican in Berwick, Louisiana, and Pelican agreed to pay FMT a daily rate of $500.00 for each of the two FMT Vessels, *i.e.*, a total of $1,000.00 per day for the FMT Vessels, plus interest, pursuant to section 3(b) of the FMT Charter, at the rate of one and one-half (1.50%) percent per month, on amounts not paid when due.

31.

The FMT Vessels identified above were used to transport aggregates and building materials that were or will be incorporated into and/or that are or will be component parts of buildings constructed or to be constructed at the Richland Data Center Site in Richland Parish, Louisiana.

32.

FMT has complied with all of its obligations set forth in the FMT Charter.

33.

As of May 8, 2026, Pelican had an unpaid, past-due, balance due and owing to FMT for the FMT Charter in the total principal amount of $150,000.00 (the "FMT Past-Due Amount").

34.

In spite of amicable demand by FMT, Pelican has failed to pay the FMT Past-Due Amount, or any portion thereof, which constitutes an event of default under section 19 of the FMT Charter.

35.

By failing to pay the FMT Past-Due Amount, Pelican has breached the FMT Charter with FMT.

36.

As a result of Pelican's breach of the FMT Charter, Pelican is liable to FMT in the total principal amount of $150,000.00, plus accrued interest thereon through May 8, 2026 in the amount of $60,000.00, plus interest in the amount of $400.00 per diem per diem from May 9, 2026, until paid.

**Count Three**

**Alter Ego Liability of All Defendants**

37.

All of the allegations set forth above are re-alleged and copied herein *in extenso*.

38.

Pursuant to the alter ego doctrine or theory of liability, all defendants, Pelican, Rigid, Basin, and Settoon, are liable (a) to Florida Marine, jointly, severally, and in solido, for the unpaid amounts owed to Florida Marine, as set forth in paragraph 27 above, and (b) to FMT, jointly, severally, and in solido, for the amounts owed to FMT, as set forth in paragraph 36 above.

39.

Defendants constitute a *de facto* single business enterprise and/or are alter egos of each other due to the lack of separateness and/or virtual abandonment of separateness between or among

defendants, commonality of ownership and management between or among defendants, commonality of company headquarters and mailing addresses between or among defendants, treating the indebtedness owed to FMT and/or Florida Marine by one defendant, Pelican, as the indebtedness of another defendant, Rigid, and other facts that plaintiffs may discover during these proceedings.  For example:

    a.  Pelican Marine Logistics, LLC, Basin Partners, LLC, and Settoon Capital, LLC have the same headquarters and/or domicile address (see Exhibits "P-1," "P-3," and "P-4");

    b.  Basin Partners, LLC and Settoon Capital, LLC have the same mailing address (see Exhibits "P-3" and "P-4");

    c.  Pelican Marine Logistics, LLC and Rigid Constructors, LLC have the same mailing address (see Exhibits "P-1" and "P-2");

    d.  Basin Partners, LLC is the Manager of Pelican Marine Logistics, LLC (see Exhibit "P-1");

    e.  Settoon Capital, LLC is a Member of Basin Partners, LLC (see Exhibit "P-3");

    f.  Austin Settoon is the Manager of Basin Partners, LLC (see Exhibit "P-3");

    g.  Austin Settoon is also the Manager of Settoon Capital, LLC (see Exhibit "P-4")'

    h.  Basin Partners, LLC is the Manager of Rigid Constructors, LLC (see Exhibit "P-2"); and

    i.  Basin Partners, LLC's prior names were Settoon Acquisition, LLC and then Rigid Holdings, LLC (see Exhibit "P-3").

40.

In addition, all four Florida Marine Charters and the FMT Charter were signed by Shane Dupre, as "VP Marine Logistics" for Pelican; however, Mr. Dupre's email address is

shane.dupre@rigidconstructors.com.  See Florida Marine Charters (Exhibits "P-5," "P-6," "P-7," and "P-8"), FMT Charter (Exhibit "P-9"), and email attached hereto and made a part hereof as Exhibit "P-10."

41.

Rigid also assumed and/or agreed to pay Pelican's indebtedness for the Florida Marine Past-Due Amount.  On Wednesday, April 15, 2026, Aaron Guidry, General Counsel of Rigid (not Pelican), sent an email to Tim Burns, Florida Marine's General Counsel (a copy of which is attached hereto and made a part hereof as Exhibit "P-11"), which included the following statements by Mr. Guidry on behalf of Rigid:

> Rigid extends its sincere appreciation to Florida Marine for its services and ongoing support. We value the relationship and the quality of performance your team has provided.

> Unfortunately, due to a mismatch between the payment terms in Rigid's upstream client contract and Rigid's existing arrangements with Florida Marine, this project has proven not to be an appropriate fit. The resulting cash flow constraints have impacted the timeliness of our payments to Florida Marine. In light of these circumstances, and with a view toward minimizing disruption and preserving our relationship, Rigid proposes to release all equipment currently under contract.

> To facilitate a smooth transition and to demonstrate our commitment, Rigid is prepared to remit a payment of $1,500,000 to Florida Marine on Friday, April 17, 2026, and to settle the remaining overdue balance within sixty (60) days of that date. Please confirm the appropriate remittance instructions.

> In addition, Rigid is working with T3/Parish to facilitate direct payment to Florida Marine or expedited payments to Rigid to timely resolve the matter. Once Rigid has additional information, we will provide a more concrete payment schedule to close out the project.

Two days later, on Friday, April 17, 2026, Mr. Burns sent an email to Mr. Guidry at Rigid, to inform him that Florida Marine had not received the wire for $1.5 million that Mr. Guidry promised to send by that date.  Mr. Guidry responded to the email from Mr. Burns as follows:

> Rigid did not receive the funds expected to generate the wire today.  We are hoping the funds are received by Monday so we can remit payment on Tuesday.

Copies of the emails between Mr. Guidry and Mr. Burns on April 17, 2026 are attached hereto and made a part hereof *in globo* as Exhibit "P-12."

42.

At no time did Rigid take the position that Pelican's indebtedness to Florida Marine or to FMT for the Florida Marine Past-Due Amount or the FMT Past-Due Amount, respectively, was not Rigid's indebtedness. Instead, Rigid promised to pay all or a portion of that indebtedness, which further shows that Pelican and Rigid are not truly separate companies but are in fact one and the same entity, and/or alter egos of each other, and/or a *de facto* single business enterprise.

43.

At no time did Florida Marine or FMT receive any communications from Pelican concerning the Florida Marine Past-Due Amount or the FMT Past-Due Amount. Instead, all communications to plaintiffs concerning the Florida Marine Past-Due Amount and the FMT Past-Due Amount came from Rigid, which further shows the lack of or abandonment of separateness between Pelican and Rigid and/or domination of Pelican by Rigid, which was presumably customary based on the communications described above.

44.

The following corporate organizational chart evidences defendants' single business enterprise and/or alter ego relationship.



45.

On information and belief, Pelican and Rigid (and also possibly Basin and Settoon), are or may also be undercapitalized.  According to a Complaint filed in this Court on May 11, 2026 by Parker Marine Service, LLC against Rigid (a copy of which is attached hereto and made a part hereof as Exhibit "P-13"), Rigid owed and failed to pay the plaintiff in that case the sum of $130,950.00, a fairly nominal amount, particularly when compared to the over $6 million owed to the plaintiffs in this case.

46.

The undercapitalization is further supported by Rigid's communications with Florida Marine, whereby Rigid proposed the unusual arrangement of having its customer pay Florida Marine directly, evidencing Pelican and Rigid lacked the funds to pay Florida Marine.

47.

By having Pelican, as a subsidiary or sister company of Rigid and possibly other defendants, enter into the Florida Marine Charters with Florida Marine and the FMT Charter with FMT, without Pelican apparently having the ability to pay Florida Marine for the Florida Marine Charters or FMT for the FMT Charter, defendants caused each of the plaintiffs to suffer an injustice, and such action was detrimental to each of the plaintiffs.

48.

For the reasons set forth above, based on the alter ego doctrine or theory of liability, and because defendants are a *de facto* single business enterprise, all defendants, Pelican, Rigid, Basin, and Settoon, are liable (a) to Florida Marine, jointly, severally, and in solido, for Pelican's breach of contracts with Florida Marine and for the Florida Marine Past-Due Amount, in principal and interest, and (b) to FMT, jointly, severally, and in solido, for Pelican's breach of contract with FMT and for the FMT Past-Due Amount, in principal and interest.

**Prayer For Relief**

WHEREFORE, the premises considered,

(a) Plaintiff, Florida Marine, L.L.C., prays for judgment herein in favor of plaintiff, Florida Marine, L.L.C., and against defendants, Pelican Marine Logistics, LLC, Rigid Constructors, LLC, Basin Partners, LLC, and Settoon Capital, LLC, jointly, severally, and in solido, in the principal amount of $6,651,196.22, plus an eight (8%) percent late fee on all overdue invoices for the James

Dale Robin Charter and the Kimberly Hidalgo/Harvey Sbisa Charter, plus all pre- and post-judgment interest and costs of these proceedings; and

(b) Plaintiff, FMT Aggregate, LLC, prays for judgment herein in favor of plaintiff, FMT Aggregate, LLC, and against defendants, Pelican Marine Logistics, LLC, Rigid Constructors, LLC, Basin Partners, LLC, and Settoon Capital, LLC, jointly, severally, and in solido, in the principal amount of $150,000.00, plus accrued interest, through May 8, 2026 in the amount of $60,000.00, plus interest in the amount of $400.00 per diem from May 9, 2026, until paid, plus all pre- and post-judgment interest and costs of these proceedings.

Plaintiffs further pray for all other general and equitable relief to which plaintiffs may be entitled in the premises.

Respectfully submitted,

LISKOW & LEWIS,
A PROFESSIONAL LAW CORPORATION

BY: *s/ Raymond T. Waid*
Raymond T. Waid, T.A. (La. Bar No. 31351)
Tyler Trew (La. Bar No. 34125)
Stephen P. Schott (La. Bar No. 2096)
Sheri L. Corales (La. Bar No. 37643)
Dominic M. Berthelot (La. Bar No. 41159)
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: rwaid@liskow.com
        ttrew@liskow.com
        sschott@liskow.com
        scorales@liskow.com
        dberthelot@liskow.com

Attorneys for Florida Marine, L.L.C.
and FMT Aggregate, LLC